**Toribia R. TOQUERO, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 04–3112.

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 14, 2004.

Before CLEVENGER, SCHALL, and GAJARSA, Circuit Judges.

PER CURIAM.

Toribia R. Toquero ("appellant") seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming the reconsideration decision of the Office of Personnel Management ("OPM") that denied her an increase in the survivor annuity she receives. *Toquero v. Office of Pers. Mgmt.*, No. SE0831030232–I–1 (July 14, 2003). We *affirm*.

I

Gregorio A. Toquero, the appellant's deceased husband, retired from federal service effective December 1, 1986, and thereafter received an annuity under the Civil Service Retirement System ("CSRS"). When he died on February 23, 2001, the appellant became eligible for a CSRS survivor annuity effective February 24, 2001, and thereafter received that survivor an-

nuity. On June 21, 2001, appellant applied to OPM seeking an increase in the monthly amount she was receiving. She claimed entitlement to a minimum monthly sum greater than the monthly amount which she was receiving. OPM denied her request in an initial decision dated October 3, 2002, and again in a reconsideration decision dated February 24, 2003. The appellant then appealed OPM's adverse decision to the Board.

The administrative judge assigned to the appellant's case affirmed OPM's reconsideration decision. The administrative judge, in a thorough opinion, explained that one who seeks entitlement to a statutory benefit bears the burden of proving by a preponderance of the evidence that the statutory requirements for the benefit are met. The administrative judge further pointed out that a previous law, as codified at 5 U.S.C. § 8345(f), had provided that the monthly rate of a CSRS annuity would not be less than the smallest primary insurance amount authorized by the Social Security Act. That provision established a minimum for CSRS annuities, but Congress expressly repealed that provision effective February 27, 1986, by the enactment of the Federal Employees Benefits Improvement Act of 1986, Pub. L. No. 99–251, § 305, 100 Stat. 14, 26 (1986). Consequently, after February 26, 1986, the authority for a minimum CSRS annuity ceased to exist.

Because the appellant's entitlement to a CSRS survivor annuity did not vest until February 24, 2001, the administrative judge ruled that appellant could not show entitlement to the increased survivor annuity that she sought. The administrative judge also rejected the appellant's argument that equity supported her claim due to the increased cost of living. Because the Board lacks power to award annuities based on equitable considerations, *see Of-*

*fice of Pers. Mgmt. v. Richmond,* 496 U.S. 414, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990), the appellant could not rely on equity to establish entitlement to an increased annuity. The administrative judge's decision became the final decision of the Board when the Board declined review of the administrative judge's initial decision. The appellant timely sought review in this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

## II

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. We test findings of fact made by the Board by the substantial evidence standard. 5 U.S.C. § 7703(c) (2000).

In her petition for review to this court, the appellant does not suggest any error in the law applied by the Board. We have reviewed the Board's decision carefully, and we conclude that the Board's statement of the law is correct. The authority upon which the appellant could rely for claim to a minimum survivor annuity was repealed by Congress before the appellant became entitled to her survivor annuity. Because the appellant has made no showing of any statutory authority to support her claim to an increased survivor annuity, we must affirm the final decision of the Board rejecting her claim.